**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| TREY GREENE | APPEAL CIVIL ACTION |
| VERSUS | |
| INFORMD, LLC | 17-1779-SDD-EWD |

## **OPINION**

Appellant-Creditor Trey Greene ("Greene") appeals the bankruptcy court's judgment in favor of the Trustee of the Estate of Appellee-Debtor InforMD, LLC in Bankruptcy Case No. 17-10579 in the Middle District of Louisiana. In Order (P-17), the bankruptcy court confirmed the appointment of Special Counsel for the Estate upon application of the Trustee, Martin A. Schott ("Trustee"). Greene moved for reconsideration of this order on the grounds that it was entered without proper notice to creditors or an opportunity for creditors to be heard on the matter. The bankruptcy court held a hearing on Greene's *Motion for Reconsideration* on November 8, 2017, and the bankruptcy court ultimately denied Greene's motion and confirmed the appointment of Special Counsel. Greene has appealed that ruling and order to this Court. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. For the reasons set forth below, the ruling and order of the bankruptcy court is AFFIRMED.

**I.      BACKGROUND**

The Trustee for the Estate was authorized by the bankruptcy court to retain the law firm of Breazeale, Sachse & Wilson, L.L.P ("BS&W") as Special Counsel to represent

46862

LAMB - Certified

the Estate and pursue claims the Debtor may have against members and former members of the Debtor under a contingency fee contract.[1] Greene opposes this appointment arguing that it violates the statutory protections for Debtors against conflicts of interest set forth in 11 U.S.C. § 327(c) and § 101(14). Greene claims that the proposed Special Counsel,

> who is supposed to be capable of aggressively investigating claims on the LLC Debtor's behalf and asserting improper distribution claims against members of the Debtor LLC, certainly can not be done by a law firm which previously represented three of the nine members of the LLC, including representing them in this very bankruptcy proceeding.[2]

It is undisputed that, prior to the filing of this bankruptcy action, BS&W represented the interests of three current members of Debtor InforMD, LLC, specifically Ruth Bass, Jason Marien, and Meredith Warner, M.D.[3] These three members were represented by BS&W in Greene's previous case against InforMD, LLC in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.[4] Greene contends that "[t]here is virtually no chance that if this law firm, entrenched with, and biased in favor of three of the nine LLC members of the Debtor by years of prior representation, will do anything in the best interest of the Estate to collect from these three members."[5] Greene claims that Ruth Bass was the financial controller of the InforMD, LLC's finances; thus, scrutiny of her actions and the financial records of InforMD, LLC will be critical. As such, Greene maintains that this is an impossible task for the same law firm previously hired to protect Ruth Bass from liability.

---

[1] Rec. Doc. No. 5 at 5.
[2] Rec. Doc. No. 4 at 5.
[3] *Id.* at 6 citing P-23-1.
[4] Docket No: 642,430, Section 26.
[5] Rec. Doc. No. 4 at 7.
46862

The Trustee contends that, under 11 U.S.C. § 327(a), BS&W does not hold or represent an interest adverse to the Estate because the three former clients at issue have executed consents to BS&W's representation of the Estate with full knowledge that BS&W's representation of the Estate "could potentially become adverse" to the members, and they could be sued by the Estate. Also, the Trustee argues that Section 327(a) uses language in the present tense which would only require disqualification if counsel presently holds or represents an interest adverse to the Estate. Because there is no currently *present* representation of an adverse interest, there is no ground for disqualification under Section 327(a). Further, the Trustee contends BS&W qualifies as a "disinterested person" under the law because the attorneys appointed hold no personal interests materially adverse to the interest of the Estate. Finally, the Trustee maintains that he is the independent investigator on behalf of the Estate, and Special Counsel will take direction from him. Should BS&W fail to follow the Trustee's directions and pursue any member or former member of InforMD, LLC who owes the Estate, the Trustee "will fire them."[6]

## II. LAW AND ANALYSIS

### A. Standard of Review

District courts of the United States have jurisdiction to hear appeals from orders of the bankruptcy court.[7] "[C]onclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*."[8]

---

[6] Rec. Doc. No. 5 at 9.
[7] *See* 28 U.S.C. § 158(a).
[8] *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).
46862

## B. Conflict of Interest

The Bankruptcy Code requires that a professional retained by the debtor in possession not "hold or represent an interest adverse to the estate," and that the professional be "disinterested."[9] The term "disinterested" is defined in 11 U.S.C. § 101(14) as a person (1) who "is not a creditor, an equity security holder, or an insider," (2) who "is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor," and (3) who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."[10] "A party has an 'adverse interest' to the estate if they: '(1) [ ] possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) [ ] possess a predisposition under circumstances that render such a bias against the estate.'"[11] The determination of an adverse interest must be made "with an eye to the specific facts of each case."[12] The standards for finding a conflict are "'strict,'" and "attorneys engaged in the conduct of a bankruptcy case 'should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of

---

[9] 11 U.S.C. § 327(a); *In re W.F. Dev. Corp.*, 905 F.2d 883, 884 (5th Cir. 1990).
[10] 11 U.S.C. § 101(14); *W.F. Dev. Corp.*, 905 F.2d at 884.
[11] *In re American Intern. Refinery, Inc.*, 676 F.3d 455, 461 (5th Cir. 2012).
[12] *In re West Delta Oil Co.*, 432 F.3d 347, 356 (5th Cir.2005).
46862

administration.'"[13]

Based on the testimony and comments by the bankruptcy court at the hearing,[14] 11 U.S.C. § 327(e) is also relevant to this discussion:

> The trustee, with the court's approval, may employ, for **a specified special purpose**, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Counsel repeatedly referred to BS&W as "special counsel" that is employed for a "limited purpose."[15]

At the hearing on Greene's *Motion for Reconsideration*, the bankruptcy court considered the arguments presented by Greene, also made in this appeal, and denied Greene's motion for the following reasons:

> In light of the waiver by the clients, former clients of Breazeale. Ms. Comeaux is in here. She's heard what I've had to say about the risk of showing partiality and being other than, as the statute requires, someone who has no or adverse interest to the debtor or to the estate with respect to the matter on which the attorney is to be employed.
>
> This is on a case on a contingent fee basis. It's commercial litigation. It's not a fender-bender. It's not a rear-end accident, a whiplash case. I foresee difficulty getting somebody in who knows the terrain in a complicated matter.
>
> This – I also see an advantage to trying to have me reconsider the other authorizing employment because for the very reason that it takes an experienced lawyer out of the equation.
>
> So as I said, that doesn't mean that Breazeale gets a free pass if it turns out that anything in this case suggests that Breazeale is other than unbiased, then your powder is dry. You can bring it up again.

---

[13] *West Delta Oil*, 432 F.3d at 355 (quoting *In re Consol. Bancshares, Inc.*, 785 F.2d 1249, 1256 & n. 6 (5th Cir. 1986)).
[14] Rec. Doc. No. 4-9 at p. 14, lines 4-16.
[15] *Id.* at p. 14, line 1. There is also a reference to the "limited deal" regarding employment of BS&W at p. 17, line 17.
46862

So I'm denying the motion to reconsider for those reasons.[16]

On appeal, Greene contends the bankruptcy court erred in fact and in law, finding that BS&W's representation was in the past and holding that BS&W had no conflict of interest pursuant to the relevant provisions of the Bankruptcy Code.

The Trustee contends that BS&W does not "hold or represent an interest adverse to the estate" based on its past representation of the three members primarily because Section 327(a) uses the present tense, and BS&W's representation of these three members has been terminated. Greene argues that there is no evidence that this representation has been terminated and, in fact, this statement is belied by the filings of BS&W on behalf of the three members in the bankruptcy court case as recently as March of 2018. Indeed, the docket sheet of this matter in the bankruptcy court reflects that Jeanne Comeaux of BS&W filed a proof of claim form on behalf of Ruth A. Bass in the spring of this year.[17]

Nevertheless, in reviewing the decision of the bankruptcy court, this Court must evaluate the evidence presented to the bankruptcy court at the time of the ruling and order. At the hearing, there appeared to be no evidence of current, continued representation of the three members by BS&W. The consent waivers executed by each of the three members in question constitute record evidence of a termination of representation. Each consent document acknowledges the "past representation" of the individual member.[18] The transcript of the hearing reflects that the bankruptcy court relied

---

[16] Rec. Doc. No. 4-9 at p. 18, lines 20-25 through p. 19, lines1-15.
[17] Bankruptcy Case No. 17-10579, Rec. Doc. No. 6 at 20.
[18] Rec. Doc. No. 5 at 11-13.
46862

on this evidence in reaching its decision. It is in this posture that the Court reviews the bankruptcy court's decision.

The Court is guided by the decision of the District Court for the Northern District of Illinois in *In re DeVlieg, Inc.*[19] In that case, prior to filing the bankruptcy petition, the debtor had retained the law firm RS&W to handle bankruptcy matters, including the filing of the petition.[20] Subsequently, RS&W represented the debtor in the bankruptcy until January of 1994, at which point the debtor terminated RS&W due to the initiation, in August of 1993, of a suit in the Northern District of Illinois, alleging various fraudulent conveyances and breaches of fiduciary duty by various of debtor's insiders, including the debtor's then sole officer, John G. Poole.[21] According to the debtor, RS&W initiated this litigation without the debtor's authorization.[22]

Following the appointment of a trustee, the trustee filed an application to employ his own firm, RS&W, as special counsel for specified special purposes under Section 327(e).[23] At the time of the filing of the application for special counsel, RS&W held an unpaid claim for legal services, and RS&W acknowledged that this claim made it an "interested person" unable to be appointed under Section 327(a).[24] The claim was later approved, reduced, and paid to RS&W.[25]

The largest unsecured creditor in the case filed objections to the appointment of RS&W. The bankruptcy court held a hearing and ultimately ruled in favor of the

---

[19] 174 B.R. 497 (N.D. Ill. 1994).
[20] *Id.* at 499.
[21] *Id.*
[22] *Id.*
[23] *Id.* at 500.
[24] *Id.* at 501.
[25] *Id.*
46862

appointment of RS&W finding the adverse interest to be "an extremely thin one."[26]

Further, the district court noted:

> Based upon the unnecessary cost of employing a new firm to essentially repeat work done by RS & W, the bankruptcy court determined that employing RS & W was in the best interest of the estate. The bankruptcy judge was careful to reserve ruling on any specific conflict that might arise later in any one of the specific matters for which the appointment was made.[27]

The creditor appealed to the district court. The court found that, because RS&W was an "interested party" based on the prior representation of the debtor, RS&W "must be employed by the trustee under section 327(e), if at all.[28] After analyzing the factors set forth in Section 327(e), the court ultimately upheld the order of the bankruptcy court as follows:

> Each of these types of work demonstrates the very real difference in the roles assumed by the trustee and his firm on the one hand and RS & W on the other. The trustee remains as the catch-all, covering matters for which RS & W was not specifically designated counsel, and umbrella, supervising, coordinating, and strategizing regarding the course of the bankruptcy; RS & W simply does the leg-work on certain specified, albeit important, matters. Thus, as the bankruptcy judge found, RS & W is not conducting the case, does not hold an interest adverse to the estate with respect to the matter for which it is employed, and is employed in the best interest of the estate. Section 327(e) having been properly applied and no clear factual error having been committed, the decision of the bankruptcy court is affirmed.[29]

Because the same reasoning and analysis apply to the matter currently before the

---

[26] *Id.*
[27] *Id.*
[28] *Id.* at 502 (citing *In re NRG Resources*, 64 B.R. 643, 647 (W.D.La.1986) (stating that "the only way an attorney who has previously represented the debtor can be employed by the trustee" is according to the requirements of section 327(e) (emphasis in original)); *Interstate Distribution*, 137 B.R. at 833 (same); *see also* H.Rep. No. 95–595 to H.R. 8200, 95th Cong., 1st Sess. p. 328 (1977), reprinted in 5 U.S.C.C.A.N. 95th Cong., 2d Sess. pp. 5787, 6284–6285 (1978) (section 327(e) "does not authorize the employment of the debtor's attorney to represent the estate generally or represent the trustee in the conduct of the bankruptcy case.")).
[29] *Id.* at 505.

46862

Court, the Court finds no reason to reach a different result. First, the bankruptcy court noted the very limited purpose for which BS&W was being employed pursuant to Section 327(e), and pointed to the consent waivers executed by the three formerly represented members wherein each acknowledged that they could potentially be sued by BS&W.[30] The bankruptcy court highlighted the very complex nature of the litigation and BS&W's experience with, and knowledge of, this case. The bankruptcy court made clear that BS&W would be utilized by the Trustee for specific purposes and operate at his direction and instruction. Finally, the bankruptcy court warned that, if BS&W showed any bias in any way, the bankruptcy court would reconsider the appointment: "that doesn't mean that Breazeale gets a free pass if it turns out that anything in this case suggests that Breazeale is other than unbiased, then your powder is dry. You can bring it up again."[31] Thus, the issue raised by Greene in his *Reply* brief regarding the alleged subsequent, current representation of any or all of the three members may be raised and will be considered by the bankruptcy court.

As this Court has reviewed the decision of the bankruptcy court based on the evidence before it at the time of the challenged ruling and order, the Court finds that the bankruptcy court did not abuse its discretion in concluding that there was no conflict presented under the factual circumstances at the time and considering the special purpose for which BS&W was sought to employ. Any issues that have arisen since that time should be brought before the bankruptcy court for further review.

For these reasons, the Order of the bankruptcy court shall be AFFIRMED.

---

[30] *See* Rec. Doc. No. 5, exhibits A, B, & C.
[31] Note 15, *supra.*
46862

### III. CONCLUSION

For the reasons set forth above, the Order of the Bankruptcy Court is AFFIRMED, and this appeal is dismissed.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 25, 2018</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**